IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>STEPHEN ELDREDGE,<br><br>  Defendant. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 2:05cr771 |

On August 14, 2007, Defendant Stephen Eldredge filed a motion for stay of sentence and release from prison pending appeal. Because the court finds that Mr. Eldredge fully waived his right to appeal his sentence and that he cannot establish the requirements set forth in 18 U.S.C. § 3143(b), his motion is DENIED.

In United States v. Hahn, the Tenth Circuit set forth the standards for the review of appellate waivers. United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004). The court stated that the analysis is three-fold: (1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. Id. at 1325.

On April 25, 2007, Mr. Eldredge pled guilty to counterfeiting under 18 U.S.C. § 471. The maximum term of imprisonment for this offense, a Class C Felony, is twenty years, pursuant

to § 471. In Mr. Eldredge's Presentence Report, it states that based on a total offense level of thirteen and a criminal history category of I, the guideline range of imprisonment falls in Zone D and is twelve to eighteen months. At the April 25, 2007 hearing, the court reviewed Mr. Eldredge's rights and thoroughly and clearly explained to him that by entering a plea of guilty, he would be giving up his rights to appeal. Mr. Eldredge responded that he understood and signed the Statement in Advance of Plea, which states that he "knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in the which the sentence is determined, on any of the grounds set forth in Title 18 . . . ." (Statement of Def. in Advance of Plea of Guilty ¶ 10 (a).) The court sentenced Mr. Eldredge to twelve months and one day to the custody of the United States Bureau of Prisons.

Based on the above, the court concludes that it is likely the Tenth Circuit Court of Appeals would hold that Mr. Eldredge has waived his right to appeal.

Moreover, Mr. Eldredge has failed to meet the requirements for release pending appeal. Section § 3143(b) provides:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds–
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
> (I) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b); <u>United States v. Affleck</u>, 765 F.2d 944, 953 (10th Cir. 1985).

A substantial question is one of more substance than would be necessary to a finding that it was not frivolous. <u>Affleck</u>, 765 F.2d 952 (quotations & citations omitted). It is a 'close' question or one that very well could be decided the other way. <u>Id.</u>

Even assuming that Mr. Eldredge can prove by clear and convincing evidence that he is not likely to flee or pose a danger to others and that his appeal is not for purposes of delay, Mr. Eldredge's motion fails because, as discussed, he has likely waived his right to appeal.

What's more, the argument that Mr. Eldredge raises, that he is likely to succeed on appeal, is not persuasive. Mr. Eldredge argues that a higher standard of proof than that which is traditionally required under the United States Sentencing Guidelines should have been used by the court in determining his sentence. Specifically, he maintains that the preponderance of evidence standard was insufficient in this case because of the impact that the enhancements had on his sentence. But there is no merit to Mr. Eldredge's rejection of the clearly established preponderance of evidence standard. The court carefully considered all factors and imposed a sentence within the advisory guidelines and was reasonable under 18 U.S.C. § 3553.

For the foregoing reasons, Mr. Eldredge's a motion for stay of sentence and release from is DENIED.

**ORDER**

For the foregoing reasons, the court orders as follows:

Defendant Stephen Eldredge's Motion for Stay or Sentence and Release Pending Appeal (Dkt. # 67) is DENIED.

DATED this 23rd day of August, 2007.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge